UNITED STATES DISTRICT COURT
IN THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| SOUTH CAROLINA CENTRAL RAILROAD COMPANY, LLC | ) ) ) | |
| Plaintiff, | ) ) | CIVIL CASE NO.: |
| v. | ) ) | |
| SONOCO PRODUCTS COMPANY | ) ) ) | |
| Defendant. | ) ) | |

**VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Comes now Plaintiff, South Carolina Central Railroad Company, LLC ("SCRF" or "Plaintiff") and files this Verified Complaint for Declaratory Judgment and Injunctive Relief against Defendant Sonoco Products Company ("Sonoco" or "Defendant"), respectfully showing this Court the following:

**THE PARTIES**

1. Plaintiff, SCRF, is a South Carolina limited liability company with its principal place of business in Jacksonville, Florida. SCRF is a common carrier railroad subject to the jurisdiction of the United States Surface Transportation Board ("STB") pursuant to 49 U.S.C. § 10501 *et seq*.

2. According to the South Carolina Secretary of State, Defendant Sonoco is a South Carolina corporation with its principal office at One North Second Street, Hartsville, South Carolina 29550 which may be served through its registered agent, John M. Florence, at One North Second Street, Hartsville, South Carolina 29550.

## JURISDICTION AND VENUE

3.   This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331 in that this action concerns issues that arise under Federal law and require this Court to interpret and apply such Federal law.

4.   This Court has personal jurisdiction over Sonoco because Sonoco resides within this District, the railroad track and right of way which are the subject of this action lie within this District, and the acts or omissions giving rise to the claims alleged herein occurred and continue to occur in this District.

5.   Venue is proper pursuant to 28 U.S.C. § 1391(b) in that Sonoco's principal office is located in Darlington County, the railroad track and right of way which are the subject of this action are located in Darlington County, and the acts or omissions giving rise to the claims alleged herein occurred and continue to occur in Darlington County.

6.   Plaintiff's action for declaratory and injunctive relief is authorized by 28 U.S.C. §§ 2201 and 2202, by Rules 57 and 65 of the Federal Rules of Civil Procedure, and by the general legal and equitable powers of this Court.  An actual, justiciable controversy between Plaintiff and Defendant exists within the meaning of 28 U.S.C. § 2201 regarding the rights of the parties with respect to a railroad track and right of way located in Darlington County, South Carolina. The controversy between the parties is of sufficient immediacy and reality to warrant declaratory and injunctive relief.

## NATURE OF THE ACTION

7.   This is an action seeking declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202. Plaintiff is a common carrier railroad that owns certain railroad track, including, without limitation, rail, fasteners, ties, and ballast (the "Subject Track") and right of way

2

(collectively referred to as the "Subject Property") in Hartsville, South Carolina. The Subject Property is not owned by Defendant. Defendant has nevertheless begun regularly entering and continues to unlawfully enter the Subject Property and has dismantled, destroyed, and disposed of the Subject Track without any right to do so. Upon information and belief, Defendant has commenced said actions in preparation for a construction project on, over, and/or adjacent to the Subject Property.

8. Plaintiff has used the Subject Property to provide rail service and continues to hold the Subject Property in furtherance of its common carrier obligations. Plaintiff has not ever abandoned the Subject Property, as can be validated by STB records and filings.

9. Plaintiff has never authorized Defendant's entrance onto the Subject Property or the dismantling and destruction of the Subject Track on the Subject Property. In fact, Plaintiff has, on multiple occasions, in writing and otherwise, insisted that Defendant cease and desist from trespassing on and vandalizing and destroying Plaintiff's property. Defendant has expressly declined to abide by these requests and contends without any support that the Subject Property has been abandoned.

10. Plaintiff now seeks a declaratory judgment that the Subject Property belongs to Plaintiff, that the Subject Property is subject to the jurisdiction of the STB, that the Subject Property has never been abandoned before the STB or otherwise, and that Plaintiff has trespassed and continues to trespass upon the Subject Property and is responsible for all costs related to the dismantling and destruction of the Subject Track, which must be restored immediately.

11. Plaintiff further seeks preliminary and permanent injunctive relief to enjoin Defendant from continuing its improper and unlawful trespass upon the Subject Property and

improper and unlawful vandalization, dismantling, and destruction of the Subject Track pending the final determination of the merits in this action.

## FACTUAL ALLEGATIONS

12. SCRF is a class III common carrier freight railroad subject to the jurisdiction of the STB. SCRF operates across 51 miles of railroad track in the South Carolina counties of Darlington, Florence, and Lee.

13. In order to provide common carrier service, SCRF is the federally-designated rail carrier for a series of railroad tracks, including but not limited to those on the Subject Property.

14. The Subject Property is owned by SCRF. SCRF obtained the rights to the Subject Property as a successor-in-interest to the South Carolina Western Railway. The South Carolina Western Railway was granted these property rights in 1910 pursuant to three deeds from the then-existing adjacent landowners (the "1910 Deeds"). A true and correct copy of the 1910 Deeds is attached hereto as Exhibit "A."

15. The Subject Property and the Subject Track are a part of and/or an extension of the national rail system and within the STB's jurisdiction.

16. SCRF regularly used the Subject Property and the Subject Track for many years to service its industrial customers in the surrounding areas.

17. In or around June 2020, Defendant approached Plaintiff regarding the possible sale of the Subject Property from Plaintiff to Defendant. Defendant also requested the construction of a private crossing over the Subject Track. These discussions were preliminary in nature, and no agreements regarding the possible sale and purchase of the Subject Property or the construction of a private crossing were ever entered, and negotiations subsequently ceased.

18.    Following the cessation of said negotiations, Defendant unilaterally deemed the Subject Property as "abandoned" and has begun and continues to trespass upon the Subject Property and vandalize and destroy the Subject Track. Upon information and belief, Defendant intends to pursue construction of an office building on, over and/or near the Subject Property.

19.    Defendant does not own the Subject Property. The Subject Property has not been abandoned by SCRF.

20.    On March 4, 2021, counsel for the Plaintiff sent Defendant's counsel a letter insisting that Defendant cease and desist its trespassing upon the Subject Property and its vandalization and destruction of the Subject Track. (See March 4, 2021 Cease and Desist Letter, attached hereto as Exhibit "B".)

21.    On March 10, 2021, counsel for Defendant responded to the above-mentioned letter, indicating Defendant had no intention of ceasing its unlawful trespass and unauthorized dismantling, destruction and removal of the Subject Track. (See March 10, 2021 Response Letter, attached hereto as Exhibit "C".)

## CAUSES OF ACTION

### Count I: Declaratory Judgment

22.    Plaintiff hereby incorporates and re-alleges the allegations set forth in paragraphs 1-21 as if fully set forth herein.

23.    A genuine, real, and actual controversy exists for the Court to resolve between Plaintiff and Defendant arising from the trespass upon the Subject Property and the destruction and dismantling of the Subject Track by Defendant.

24.    Entry of the declaratory relief requested herein would resolve this controversy among the parties.

25. Pursuant to the Uniform Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and Rule 57 of the Federal Rules of Civil Procedure, Plaintiff in good faith requests that the Court declare the following:

    (a)    That the Subject Property is owned by Plaintiff; and

    (b)    That the Subject Property has not been abandoned; and

    (c)    That Defendant is responsible for all costs related to the damage it has caused through its trespass upon the Subject Property and its vandalization and destruction of the Subject Track.

## Count II: Preliminary Injunction

26. Plaintiff hereby incorporates and re-alleges the allegations set forth in paragraphs 1-25 as if fully set forth herein.

27. An injunction is required to enjoin Defendant, as well as its agents, servants, employees, and all other persons acting on its behalf, from unlawfully entering on the Subject Property and dismantling, destroying, or disposing of any part or portion of the Subject Track or any other trespass upon or vandalization of the Subject Property.

28. As set forth herein, Defendant's current and continued trespass upon, and its vandalization and destruction of, the Subject Property is in violation of Plaintiff's property rights and does not comply with local, state, or Federal law.

29. Unless enjoined, Defendant will continue to trespass upon and vandalize and destroy Plaintiff's property. Further, Defendant's removal of the Subject Track materially interferes with Plaintiff's ability to perform its common carrier obligations, if called upon to do so. Defendant's intent to continue its trespass upon, and vandalize and destroy, the Subject

Property is clearly evidenced in the March 10, 2021 correspondence from Defendant's counsel. (*See* Exhibit "C" hereto, March 10, 2021 Response Letter.)

30. Plaintiff will suffer irreparable injury if Defendant is not enjoined from its continuing trespass upon, and its vandalization and destruction of, the Subject Property, and Defendant's unlawful and improper actions relating to the Subject Property will cause Plaintiff further irreparable injury in the form of the loss of Plaintiff's ability to perform its common carrier obligations if called upon to do so.

31. Defendant will not be harmed by being enjoined from violating Plaintiff's property rights and trespassing upon and vandalizing and destroying the Subject Property.

32. Any potential harm to Defendant from enjoining the continued trespass upon and vandalization and destruction of the Subject Property and Defendant's construction thereon would be outweighed by the prejudicial effects of such actions in that Plaintiff is completely precluded from providing common carrier rail service on the Subject Property, Plaintiff would be precluded from serving future customers by way of the Subject Track, Plaintiff would be precluded from using the Subject Track for other railroad purposes such as storing or staging railcars and other equipment, the Subject Property will suffer a great diminution in value, and Plaintiff would incur significant costs in rebuilding or replacing the Subject Track.

33. Granting the requested injunctive relief will serve the public interest by preserving Plaintiff's ability to perform its common carrier obligations.

34. Plaintiff has no adequate remedy at law.

35. As a result thereof, Plaintiff requests that this Court issue a preliminary injunction, followed by a permanent injunction, enjoining Defendant, as well as its agents, servants, employees, and all other persons acting on its behalf, from entering on the Subject Property and

dismantling, destroying, or disposing of any part or portion of the Subject Track or any other trespass upon or vandalization of the Subject Property.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff South Carolina Central Railroad Company, LLC requests that this Court:

A. Declare that the Subject Property is subject to the jurisdiction of the STB;

B. Declare that the Subject Property cannot be deemed abandoned by Defendant absent compliance with the STB's procedures and regulations;

C. Declare that the STB has not determined that the Subject Property can or must be abandoned;

D. Declare that the Subject Property is the property of Plaintiff;

E. Declare that Defendant has no right to the Subject Property;

F. Issue preliminary and permanent injunctive relief enjoining the Defendant from continuing its ongoing trespass upon the Subject Property and the dismantling, destroying, and disposing of the Subject Track and any and all other work not expressly authorized by Plaintiff on the Subject Property, pending entry by this Court of a final judgment in this action;

G. Award Plaintiff its costs and reasonable attorneys' fees in this action; and

H. Grant any such other and further relief as this Court may deem just and proper.

Respectfully submitted this _25th_ day of March, 2021.

TECKLENBURG & JENKINS, LLC

By: _s/Paul F. Tecklenburg_____
Paul F. Tecklenburg (Fed. ID #3702)
Rivers T. Jenkins, III (Fed. ID #5631)
1250 Folly Road
Charleston, SC  29412
Telephone:  (843) 534-2628
Facsimile:  (843) 534-2629
pft@tecklaw.net and rtj@tecklaw.net

*ATTORNEYS FOR THE PLAINTIFF*
*SOUTH CAROLINA CENTRAL RAILROAD*
*COMPANY, LLC*

Charleston, South Carolina

## **VERIFICATION**

James Irvin, representative for South Carolina Central Railroad Company, LLC, first being duly sworn, deposes and says that he/ she is the representative for South Carolina Central Railroad Company, LLC, the Plaintiff in the foregoing action, that he/she has read the foregoing pleading and knows the contents thereof, and that the same is true of his/her own knowledge except as to those matters and things therein alleged upon information and belief; and as to those, he/she believes them to be true.

_____
James Irvin, President

I certify that James Irvin personally appeared before me this day, and

☒ I have personal knowledge of the identity of the principal

☐ I have seen satisfactory evidence of the principal's identity, by a current state or federal identification with the principal's photograph in the form of a _____

☐ a credible witness _____ has sworn to the identity of the principal; acknowledging to me that he/she voluntarily signed the foregoing document for the purpose stated therein, and in the capacity indicated:

This 35 day of March, 2021.

Steven R. Hannan
Notary Public (Printed Name)

_____
Notary Public (Signature)

STEVEN R. HANNAN
Notary Public, State of Florida
My Comm. Expires 6/22/21
Commission No. GG118005

My commission expires: 6/22/2021

9